In re Bruce [nmn] MACNICHOL,
Debtor.

Evans & Associates, CPAs,
Inc., Plaintiff,

v.

Bruce [nmn] Macnichol,
et al., Defendants.

Bankruptcy No. 98–59595.
Adversary No. 99–0034.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 1, 1999.

Richard J. Donovan, Richard J. Donovan & Assocs. Co., L.P.A., Worthington, OH, for plaintiff.

Michael T. Gunner, Hilliard, OH, for defendant/debtor.

*OPINION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS JAMES D. BURKE AND B & A LEASING, INC.*

BARBARA J. SELLERS, Bankruptcy Judge.

On July 29, 1999 the plaintiff in this adversary action, Evans & Associates, CPAs, Inc., filed a motion requesting this Court to enter a default judgment against defendants James D. Burke and B & A Leasing, Inc. ("the Defaulting Defendants"). Despite what appears to have been appropriate service of the summons and complaint, neither of the Defaulting Defendants has responded to that motion. For reasons set forth below, however, the Court declines to enter the proposed judgments.

The plaintiff filed this adversary action on February 10, 1999 against Bruce Macnichol, a chapter 7 debtor before this Court, and against the Defaulting Defendants. The complaint seeks a determination of nondischargeability of a debt owed to the plaintiff by the defendant/debtor Bruce Macnichol and a judgment in damages. That matter is contested and has been set for trial. In addition, the complaint seeks judgment against the Defaulting Defendants on various theories codified at 18 U.S.C. § 1961 et seq., known as the RICO statute, as well as allegations of violations of the Ohio Fraudulent Transfer Act, codified at Ohio Revised Code § 1336.01 et seq., and allegations of common law fraud. Damages are sought against all defendants on all counts.

■ This bankruptcy court, like all federal courts, is a court of limited jurisdiction. Whatever subject matter jurisdiction is present comes by reference through the district court. See 28 U.S.C. § 1334 and 28 U.S.C. § 157. Those jurisdictional statutes vest original and exclusive jurisdiction in the district courts of all cases filed under the Bankruptcy Code (Title 11 U.S.C.) The district courts further have original, but not exclusive, jurisdiction of all civil proceedings arising under Title 11, or arising in or related to a case under Title 11. Each district court then may, by order, refer all of the jurisdiction granted to it under § 1334 to the bankruptcy judges for that district. Such a referral has been entered in this district.

■ The outer limits of the district court's referral to its bankruptcy judges require that the civil proceeding be "related to" a case under Title 11. Such relationship has been defined in this circuit as "whenever the outcome of the proceeding could conceivably have any effect upon the estate being administered in bankruptcy." *In re Salem Mortgage Company,* 783 F.2d 626, 634 (6th Cir.1986). There may also be matters related to the debtor's fresh start which could be "related to" proceedings.

■ The plaintiff in this adversary action requests this bankruptcy judge to grant default judgments against an individual and a corporation, neither of whom is a bankruptcy debtor. Nor is the intention of the plaintiff to recover property or preserve an avoided transfer for the benefit of the bankruptcy estate. The plaintiff simply wants a money judgment against the Defaulting Defendants on separate federal question and, the Court presumes, related claims under state law. The result of those judgments would have no effect on this bankruptcy estate or on the debtor's discharge. The separate and discrete issue of the dischargeability of the debtor's debt to the plaintiff is premised upon 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6). None of those statutory provisions are relevant to the charges against the Defaulting Defendants.

In sum, this bankruptcy judge does not have subject matter jurisdiction under the bankruptcy and related action jurisdiction referred to the bankruptcy judges by the district court to determine the merits of this complaint against the Defaulting Defendants. Accordingly, the plaintiff's motion for default judgment against defen-

dants James D. Burke and B & A Leasing, Inc. should be, and the same is, hereby, **DENIED.**

**IT IS SO ORDERED.**